UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 21-10182

TRACEY HARRIS COOMER,

                                      Plaintiff—Appellant,

versus

MARK ROTH; WARDEN ARNOLD; DAISHA B. SIMMONS; DAWN A. ANDERSEN; MICKENZIE M. GILL; JULIE A. MARGUEZ; CHARLES HUFFORD; MAJOR NFN IVEY; CAPTAIN A. CHISUM; SERGEANT ANTHONY R. MARQUEZ; SHANE HEMBREE,

                                      Defendants—Appellees.

PETITION FOR REHEARING AND/OR REHEARING EN BANC

TO THE HONORABLE CIRCUIT JUDGES FOR THE FIFTH CIRCUIT:

    COMES NOW, Tracey Harris Coomer, TDCJ-ID #1473063, Appellant pro se in the above captioned cause and respectfully requests this Honorable Court to grant rehearing and/or rehearing en banc, pursuant to Fed. R. App. P., Rules 35(A);(B) and 40, and respectfully offers and states the following in support thereof:

Statement of Procedural History

1. On October 08, 2021, the United States Court of Appeals for the Fifth Circuit, issued its opinion of the appeal from the district court's dismissal. USDC No. 2:18-CV-121.

2. On October 19, 2021, Appellant received said opinion.[1]

3. On October 21, 2021, Appellant gained access to unit's law library(ATC).

4. On October 22, 2021, Appellant was denied ATC.[2] Also on said date, Appellant timely files petition for rehearing and/or rehearing en banc by placing same in unit's internal mail system.

REASON(S) MERITING REHEARING AND/OR REHEARING EN BANC

The panel's deciiosn pursuant to the Parratt/Hudson[3] doctrine not only is in conflict with the requirements of procedural due process when interests involving liberty[4] and the property rights protected by the Fourteenth Amendment have been implicated but, if and when the State fails to provide an adequate postdeprivation remedy without a proper hearing which is paramount. See Zinermon v.

---

[1] The unit's mailroom records will reflect same.

[2] According to the law libray's security officer, (ATC supervisor position vacant), the unit's administration must use the room designated for ATC because it is purportedly the only one on the unit with access to the internet.

[3] Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527, 541-44(1981), overruled in part by Daniels v. Williams, 474 U.S. 327 (1986).

[4] See Merriam-Webster Dictionary - 2: an action going beyond normal limits esp : FAMILIARITY.

Burch, 494 U.S. 113, 115, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990).

Under the Parratt/Hudson doctrine, "a deprivation of a constitutionally protected property interest caused by ah state employee's random, unauthorized conduct does not give rise to a § 1983 procedural due process claim, unless the State fails to provide an adequate postdeprivation remedy." Id. Conduct is not "random and unauthorized" for purposes of the Parratt/Hudson doctrine if the state "delegated to [the defendants] the power and authority to effect the very deprivation complained of." Zinermon, 494 U.S. at 138, 110 S.Ct. 975; Allen v. Thomas, 388 F.3d 147, 149(5th Cir. 2004). In Allen, the Fifth Circuit addressed a similar due process claim relating to the confiscation of an inmate's property and held that because the items were confiscated under the authority of the prison administrative directive, the confiscation was not a random, unauthorized act by a state employee and that the Parratt/Hudson doctrine thus did not apply. Id. Therefore, for the same reason, Appellant argues that the Parratt/Hudson doctrine does not apply and that, based on the meager record before the Court, Appellant's section 1983 due process claim against the defendants has an arguable basis in law and in fact and should not have been dismissed as frivolous. Cf. Allen v. Thomas, No. H-02-3132, 2005 WL 2076033 (S.D. Tex. Aug. 26, 2005)(granting summary judgment on the inmate's due process claim after discovery taken and with detailed analysis of evidence and law).

The panel's proceedings may also involve one or more questions of exceptional importance, where the panel may or may not have abused its discretion in addressing the district court's secondary

or alternative findings and judgment in its opinion without proper jurisdiction in doing so to deny Appellant's due process claim(s). Allen v. Thomas, No. H-02-3132, 2005 WL 2076033(S.D. Tex. Aug. 26, 2005)(granting summary judgment on inmate's due process claim after discovery taken and with detailed analysis of evidence and law).

## Statement of Facts

On February 23, 2016, C/O Gill was given the authority by the state to confiscate Appellant's property if "Ownership Questionable" and "Excessive Amounts" existed. On March 03, 2016, and after Appellant had provided P/O Marquez with the required property slip for his typewriter, she returned said typewriter to Appellant. But then, after Appellant disclosed to her that he had just dropped a grievance in the box, asking her to informally resolve the grievance with UGI Andersen, she gave Appellant a direct order to give the typewriter back. Appellant complied for fear of disciplinary actions against him. Thus, P/O Marquez, given the authority by the state, reconfiscated Appellant's typewriter and refused to return any of the remaining confiscated property until the grievance was resolved.

## Conclusion

For the foregoing reasons, Appellant prays this Court grant rehearing and/or rehearing En Banc. Appellant further prays that his due process claim be reinstated for further proceedings within the district court, and for any other and further relief which the Court may deem just and proper under the circumstances. So prayed.

Respectfully submitted,

*[signature]*

Tracey Coomer #1473063
Smith Unit TDCJ
1313 CR 19
Lamesa, Texas 79331-1894
Appellant pro se


UNSWORN DECLARATION

"I, Tracey Harris Coomer, TDCJ-ID #1473063, being presently incarcerated in the TDCJ Smith Unit, declare under penalty of parjury that the foregoing is true and correct."

Executed on this the 22nd day of October, 2021.

*[signature]*

Tracey Coomer #1473063
Appellant pro se

- pg 5 -

Tracey Coomer #1473063
Smith Unit TDCJ
1313 CR 19
Lamesa, TX 79331-1894

LUBBOCK TX 794
25 OCT 2021 PM 1 L

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT
OFFICE OF THE CLERK
600 S. Maestri Place
New Orleans, Louisiana 70130-3408

70130-344040

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
October 8, 2021
Lyle W. Cayce
Clerk

No. 21-10182

Tracey Harris Coomer,

*Plaintiff—Appellant*,

versus

Mark Roth; Warden Arnold; Daisha B. Simmons; Dawn A. Andersen; Mickenzie M. Gill; Julie A. Marguez; Charles Hufford; Lori Davis; Major NFN Ivey, Captain A. Chisum; Sergeant Anthony R. Marquez, Shane Hembree,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:18-CV-121

Before Smith, Higginson, and Willett, *Circuit Judges*.

Per Curiam:*

Tracey Harris Coomer, Texas prisoner # 1473063, filed a lawsuit under 42 U.S.C. § 1983, claiming that prison officials confiscated and

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-10182

destroyed his personal property, both in violation of his right to due process and in retaliation for his filing of grievances. He also moved for an injunction related to additional property loss after the filing of his suit.

After granting Coomer leave to proceed in forma pauperis (IFP), the district court screened the complaint under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2). It ultimately dismissed the complaint with prejudice, denied Coomer's motion for an injunction, and imposed a strike under § 1915(g). The district court concluded that Coomer's complaint was filed outside the statute of limitations and, in the alternative, that his claims were frivolous. It also denied Coomer's motion to proceed IFP on appeal, certifying that the appeal was not taken in good faith.

Because Coomer's appeal is not frivolous, his motion to proceed IFP is GRANTED. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). We also conclude that further briefing is unnecessary and turn to the merits. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

The dismissal of Coomer's civil rights complaint as frivolous is reviewed for abuse of discretion. *See Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (citing *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999)); *see also Green v. Atkinson*, 623 F.3d 278, 279-80 (5th Cir. 2010). A complaint is frivolous if it lacks (1) an arguable basis in law because "it is based on an indisputably meritless legal theory" or (2) an arguable basis in fact because, "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Berry*, 192 F.3d at 507 (internal quotation marks and citations omitted). We must assume that a plaintiff's factual allegations are true. *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999). A pro se prisoner is entitled to factually develop his complaint before a proper determination can be made as to whether it is frivolous. *See Eason v. Thaler*, 14 F.3d 8, 9-10 (5th Cir. 1994).

No. 21-10182

Here, the district court concluded that all Coomer's claims were barred by the two-year statute of limitations. *See Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a). But the district court failed to give effect to the factual allegations in Coomer's pleadings showing that there were arguable bases to find: (1) his cause of action accrued on or after February 23, 2016, when his typewriter was confiscated, *see Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995); (2) he was entitled to equitable tolling of the limitations period while administrative proceedings were pending, *see Gartrell*, 981 F.2d at 257-58; and (3) the original complaint could have been placed into the prison mail system as early as June 16, 2018, *see Houston v. Lack*, 487 U.S. 266, 276 (1988). Because it was not clear from the face of the operative pleadings that Coomer's suit was time barred, the district court erred at this stage in finding that Coomer's complaint should be dismissed under the statute of limitations. *See Gartrell*, 981 F.2d at 257-58. Coomer should be given an opportunity to develop the facts regarding the timeliness of his claims. *See Eason*, 14 F.3d at 9.

Alternatively, the district court found that Coomer's several claims were frivolous. We address these conclusions in turn.

First, the district court correctly determined that, under the *Parratt*/*Hudson*[1] doctrine, Coomer urged a frivolous due process claim related to the alleged unlawful confiscation and destruction of his typewriter. The *Parratt*/*Hudson* doctrine counsels that "a deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise to a § 1983 procedural due

---

[1] *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541-44 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986).

No. 21-10182

process claim, unless the State fails to provide an adequate postdeprivation remedy." *Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004) (internal quotation marks and citation omitted). Here, Coomer alleges that prison officials confiscated his typewriter without authorization, but he has failed to sufficiently allege the inadequacy of the postdeprivation remedy, which includes the availability of a state-court suit for conversion. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994). Therefore, the district court did not abuse its discretion in applying the *Parratt/Hudson* doctrine. *See Myers*, 97 F.3d at 94; *Murphy*, 26 F.3d at 543-44.

Next, the district court found that Coomer had stated only conclusory claims of retaliation. However, Coomer's complaints allege that beginning in 2015, he filed numerous grievances against Daisha B. Simmons in relation to her purportedly unlawful confiscation of his property and refusal to let Coomer use the law library during Saturday sessions. And he claimed that in February 2016 and thereafter, Simmons retaliated by directing Mickenzie M. Gill to confiscate Coomer's typewriter from his cell and asking Dawn A. Andersen to concoct a rule justifying a decision not to return it. Coomer provided extensive detail relating to the overall timeline of his retaliation claims and alleged specific facts that, taken as true, show that his retaliation claims have an arguable basis in law and fact. *See Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999); *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995); *see also Berry*, 192 F.3d at 507 .

Finally, the district court dismissed Coomer's claims against Lori Davis, Captain A. Chisum, and Warden Arnold in their supervisory capacities. That conclusion was correct as to Davis and Chisum, as Coomer failed to allege any facts showing that these defendants affirmatively participated in any acts causing a constitutional deprivation or implemented

4

unconstitutional policies that causally resulted in a constitutional injury. *See Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011). But Coomer alleged that Arnold convinced him to stop filing grievances against Simmons in exchange for the return of his confiscated typewriter, which ultimately was never returned despite Coomer's compliance with Arnold's request. Thus, Coomer's claim that Arnold played some personal role in the alleged retaliation by causing Coomer to cease exercising his constitutional right to file grievances is not frivolous. *See Woods*, 60 F.3d at 1166; *see also Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).

In sum, the pleadings, on their face, were insufficient to allow the district court to conclude at this stage that the statute of limitations barred the action, *see Gartrell*, 981 F.2d at 256-58, and the pleadings show that Coomer's claims of retaliation for his filing of grievances are not frivolous, *see Jones*, 188 F.3d at 324-25; *Berry*, 192 F.3d at 507. But the district court did not abuse its discretion in finding that Coomer's due process claim was barred by the *Parratt*/*Hudson* doctrine and that Coomer stated frivolous claims against Davis and Chisum in their supervisory capacities, *see Porter*, 659 F.3d at 446. Accordingly, the district court's judgment is VACATED in part and AFFIRMED in part, and the case is REMANDED for further proceedings.